UNITED STATES *v.* ZOLTAN ERDOSI (No. 4719)[2]

---

[2] C. A. D. 509.

United States Court of Customs and Patent Appeals, February 6, 1953

*Charles J. Wagner*, Acting Assistant Attorney General (*Richard F. Weeks* and *Alfred A. Taylor, Jr.*, special attorneys, of counsel), for the United States.

*Philip Stein* (*Marjorie M. Shostak* of counsel) for appellee.

[Oral argument December 12, 1952, by Mr. Weeks and Mr. Stein]

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and JACKSON (retired), Associate Judges

JACKSON, Judge, delivered the opinion of the court:

The Government has appealed from a judgment of the United States Customs Court, First Division, pursuant to a decision by the majority thereof, Abstract 55742, sustaining the claim by appellee in a protest against the classification by the Collector of Customs of certain silver sheets imported from Mexico at Calexico, a sub-port of San Diego, California.

The merchandise, which was invoiced as "silver sheets," was assessed for duty at 80 per centum ad valorem under the provisions of paragraph 1527 (d) of the Tariff Act of 1930 as being materials of metal suitable for use in the manufacture of jewelry. The importer claimed that the goods are properly dutiable as articles or wares not specially provided for, composed wholly or in chief value of silver at 32½ per centum ad valorem under paragraph 397 of the act, as modified by the Trade Agreement with Mexico, T. D. 50797. The protest was duly amended by claiming the sheets to be properly free of duty under paragraph 1638 as silver bullion.

The pertinent parts of the involved paragraphs are as follows:

Par. 1527 (d). Stampings, galleries, mesh, and other materials of metal, whether or not set with glass or paste, finished or partly finished, separate or in strips or sheets, suitable for use in the manufacture of any of the foregoing articles in this paragraph, if of gold or platinum, 75 per centum ad valorem; if of other metal or metals, plated or unplated, 80 per centum ad valorem.

Par. 397, as modified by the said Trade Agreement:

Articles or wares not specially provided for, if composed wholly or in chief value of silver, 32½ per centum ad valorem.

Par. 1638. Bullion, gold or silver.

The case was submitted to the trial court on all of the official papers and an agreement between counsel for the parties that the imported merchandise is "silver sheets, measuring approximately twenty inches in width, varying in lengths, by .035 in thickness; average weight of single sheet, approximately 22 pounds."

In the official papers are the consular invoice in which the goods are stated to be "silver sheets;" the commercial invoice containing

the same statement; a Laboratory Report in which is given the fineness of the silver as 928., comprising 92.8 per cent of silver and 7.04 percent of copper; and a "Memorandum to Accompany Invoice," on Customs Form #4371 and signed by the appraiser, reading:

Investigation reveals that the merchandise is suitable for the manufacture of jewelry and will be advisorily classified at 80% under Par. 1527 (d) on a value of Mex. Pesos 99.25 per kilo, net, packed, plus 1.65%.

The collector in his answer to the protest stated that the advisory classification and Customs Agent's investigation as to use were the reasons for affirming his original classification.

After counsel for the importer rested his case, counsel for the Government moved to dismiss the protest for failure of proof. Decision on the motion was reserved for ruling by the Division. Counsel for the Government then rested.

In the decision of the majority of the Customs Court the motion to dismiss was denied. In the dissenting opinion it was urged, in effect, that the motion should have been granted.

The majority of the trial court held that, on the record, plaintiff had overcome the presumption of correctness of the collector's classification. In their decision they set out that:

* * * No testimony was introduced in support of the collector's classification and the record does not disclose how these plain sheets were ultimately used. In their condition as imported, they are nothing more than plain silver sheets. This paragraph (1527 (d)) does not cover all sheets of metal but only such as are suitable in their finished or partly finished condition for use in the manufacture of the articles embraced within the paragraph in the condition in which imported.
* * *

The sole question to be decided is whether appellee has overcome the presumption of correctness attaching to the collector's classification and has affirmatively shown his claim to be correct.

The two-fold burden of proof devolving on a plaintiff in this kind of litigation is set out in the preceding paragraph. That burden is a fundamental principle of customs law and has been reiterated in so many court decisions that it is not deemed necessary to set out any citation of authority.

Of course, as is well known by those familiar with customs law, and well set out in the dissenting opinion, the collector is presumed to have found every fact to exist necessary to sustain his classification.

On the basis of the presumption and the evidence of record on behalf of appellee, can it be properly held that a judgment in favor of appellee was correct? We think not.

There is not a scintilla of evidence that the imported silver sheets are not material suitable for use in the manufacture of jewelry. The record could not be more silent in that respect.

It is true, as observed in the majority decision, the sheets "are nothing more than plain silver sheets." But those sheets, in our opinion, are finished, in that the metals of which they are composed have been fabricated into a desired finished form and it does not require much common sense to consider such sheets as suitable material from which many articles of silver jewlery can be made.

Counsel for appellee has presented a very able brief in support of his contentions here. He contends that the presumption as to the correctness of the collector's classification applies only to the specific classification made; that a prima facie case was made by the importer based upon the undisputed description of the sheets which, he argues, shows them to be neither finished nor partly finished material for the manufacture of jewelry; that the Report of the United States Tariff Commission (Report No. 139, Second Series, 1940) sets out the uses of silver (among which uses is that of making jewelry); that Congress did not intend to include in paragraph 1527 (d) sheets, such as those imported, as shown by legislative history, citing Tariff Hearings, Committee on Ways and Means, House of Representatives, 62nd Congress, 3rd Session 1913, Vol. V. p. 5410, Congressional Record 63rd Congress, Vol. 50, part 2, p. 1081; and numerous cases of this and other courts on the expression "suitable for use."

The contention that the presumption of correctness applies only to the specific classification made seems to be supported in the case of *United States* v. *White Sulphur Springs Co.*, 21 C. C. P. A. (Customs) 203, T. D. 46728. However, it has not been shown, as hereinbefore mentioned, that the sheets are not finished or partly finished material suitable for the manufacture of jewelry.

We cannot agree that a prima facie case was established based merely on the agreed description of the sheets. Such description does not imply that they were not finished or partly finished.

In the 1940 report of the Tariff Commission, the making of jewelry is expressly set out, among the uses of silver, and the parts of the Tariff Hearings of the Committee on Ways and Means, 1930, and the Congressional Record, both of which are hereinbefore mentioned, together with the numerous cases relied on with respect to "suitable for use," leave us unimpressed as to their applicability here.

The importer obviously has not sustained his burden of proof in that he has not shown that the imported merchandise was not suitable for use in the manufacture of jewelry. If it were not so suitable, we do not see why there should be any difficulty in so showing.

The judgment appealed from is *reversed*.

. William P. Cole, Jr., Judge, having participated below, disqualified himself to sit in this case, and Jackson, Judge, retired, was recalled to participate herein.